# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:15-po-00170 |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| ERIC N. GLOCK | : | |
| Defendant. | : | |

## DECISION AND ENTRY

A problem began in this misdemeanor traffic case when a law enforcement officer wrote a statute number on a citation that did not correspond to the charged offense. The case is before the Court following a bench trial. The parties have each filed a post-trial Memorandum. (Doc. #s 7, 8).

## Factual Background

The incident in question began when Officer Smith saw Defendant sitting in a motor vehicle in a parking lot near Area B of Wright-Patterson Air Force Base. The motor vehicle displayed an expired "validation" sticker. To determine whether the vehicle's registration was currently expired, Officer Smith conducted a LEADS check that verified the vehicle's registration had expired about ten months earlier.[1]

Officer Smith's citation charged Defendant with "expired registration" but did not correctly identify the statute number—Ohio Rev. Code § 4503.21—corresponding with this

---

[1] "LEADS" refers to the computerized Law Enforcement Automated Data System.

charged offense. Instead, Officer Smith incorrectly identified the charged offense as a violation of Ohio Rev. Code § 4503.11.[2]

Before Defendant's trial, Officer Smith altered the ticket by writing over the statute number so it correctly identified the charged offense as a violation of Ohio Rev. Code § 4503.21. This statute requires the owner or operator of a motor vehicle to display in plain view the vehicle's "validation" sticker. A failure to do so constitutes a minor misdemeanor. The validation sticker indicates the expiration of the vehicle's registration period. *See* Ohio Rev. Code § 4503.191(A).

Defendant explained during trial that six days before trial the prosecutor called to inform him that Officer Smith had amended the citation to charge him with a violation of Ohio Rev. Code § 4503.21. Officer Smith acknowledged during trial that he changed the statute number on the ticket in this manner. Officer Smith also testified that at that time when he first wrote the ticket, he informed Defendant he was being charged with expired registration because his validation sticker had expired. Officer Smith further testified that he did not mention anything to Defendant about failure to pay insurance or tax on the vehicle, as would have been likely if he intended to charge Defendant with violating § 4503.11.

## Discussion

Defendant did not assert during trial that the motor vehicle in question was validly registered when Officer Smith gave him the citation. Officer Smith testified that his LEADS check of the vehicle's registration confirmed it was expired. Based on the evidence

---

[2] This statute requires the owner or chauffeur of a motor vehicle to file an application for registration and to pay certain related taxes. Ohio Rev. Code § 4503.11(A).

presented at trial, including Officer Smith's testimony, the Government has met its burden of proving beyond a reasonable doubt that the registration of the motor vehicle at issue, which displayed an expired validation sticker, was expired in violation of Ohio Rev. Code § 4503.21.

Defendant contends that the ticket written by Officer Smith was invalid because it contained an incorrect statute number and was altered by Officer Smith before trial. Defendant argues that he was not told the original charge against him had been dropped, and this left him with the "belie[f] that he had been charged with a violation that he had not been, in fact, charged with …." (Doc. #8, PageID 17). Because of this, Defendant reasons, he might have paid the collateral fine on the incorrect charge, and thus be punished for a crime he did not commit.

Under Ohio law, "[c]onsistent with the goal of ensuring simplicity and uniformity in procedure, a 'complaint prepared pursuant to [the Ohio Traffic Rules] simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand.' In the traffic-citation context, this has generally been interpreted as focusing on whether the defendant had notice of the nature and the cause of the accusation." *Bellville v. Kieffaber*, 114 Ohio St.3d 124, 127 (2007) (quoting, in part, *Barberton v. O'Connor* (1985), 17 Ohio St.3d 218, 221 (1985)) (other citations omitted). "Traffic offenses need not be issued with the specificity of indictments." *Cleveland v. Farrell*, 2014-Ohio-3131, ¶ 14, 2014 WL 3537826, at *2 (8th Ct. App. 2014) (citing *Cleveland v. Austin*, 55 Ohio App.2d 215, 220 (1978)).

In the present case, the original ticket contained Officer Smith's statement of probable cause. Officer Smith reported that the expired validation sticker and his LEADS search verified that the vehicle's registration had expired in July 2014. (Doc. #1). Officer Smith also noted that the offense charge was "expired registration." *Id*. The ticket was written in plain, straightforward language that could be readily understood as charging Defendant with expired registration. The original unaltered ticket therefore provided Defendant with "notice of the nature and the cause of the accusation." *Bellville,* 114 Ohio St.3d at 127. This notice was sufficient even though Officer Smith wrote the wrong statute number on the ticket because any confusion caused by this mistake is eliminated by the text of the probable cause statement and Officer Smith's identification of the offense as "expired registration." Officer Smith also credibly explained during trial that he verbally informed Defendant he was charged with driving a car with an expired registration. The fact that Officer Smith explained this to Defendant is consistent with the information he wrote in the probable cause statement. *See State v. Cooper,* 4th Dist. No. 97CA2326, 1998 WL 340700, *2 (June 25, 1998) (noting that a correction at trial of incorrect numerical designation on a traffic ticket did not mislead the defendant where the traffic ticket clearly set forth the offense charged).

In addition, the later correction in the charged statute number on the traffic ticket made the information in the ticket consistent. It brought together its three main pieces of information—the statute number, the information in the probable cause statement, and the charge description "expired registration." And the combined total of this information provided Defendant with notice of the nature of the charge he faced and the cause of the

accusation. *See Bellville*, 114 Ohio St.3d at 127. Additionally, the prosecuting attorney added to the sufficiency of this notice by informing Defendant of the corrected statute number well before trial. Under all these circumstances, Defendant's challenges to the validity of the ticket lack merit. *See id*; *see also State v. Cooper,* 4th Dist. No. 97CA2326, 1998 WL 340700, *2 (June 25, 1998); *cf. Cooper,* 4th Dist. No. 97CA2326, 1998 WL 340700, *2; *cf. also State v. Mays,* 104 Ohio App.3d 241, 243 (2d Dist. 1995) (misnumbering an ordinance in a complaint did not deprive the defendant of its essential purpose of notifying him of the offense with which he was charged); *Olsen v. McFaul*, 843 F2d 981, 930 (6th Cir. 1988)(and cases cited therein).

Defendant's contentions do not show that he was deprived of sufficient notice of the actual charge against him by the change in statute number. Even if Defendant remained convinced after the change that he was still being charged under the original statute number, the changed number did not alter or negate the information in the probable cause statement that provided him with sufficient notice of the actual charge of expired registration. His argument about the possibility of being punished for a crime he didn't commit is hypothetical because he has not paid a collateral fine on a charge he didn't commit. He instead went to trial on the charge of expired registration. Defendant, moreover, has not presented information or circumstances showing that the alteration in the charged offense number deprived him of a fair opportunity to present a defense during trial. He was provided the opportunity to present his arguments, his own version of the situation, and to cross-examine Officer Smith. He does not identify a witness or other evidence he wanted to present at trial but could not because the statute number on the ticket was changed and

corrected. Consequently, he has not shown that he suffered any prejudice from the correction of the ticket's statute number.

Defendant also argues that "expired registration" is an incorrect charge because the words "expired registration" never appear in Ohio Rev. Code § 4503.21. This argument lacks merit. The plain meaning of the phrase "expired registration" is consistent with the offense described in § 4503.21. Section 4503.21(A) requires the display of validation stickers, which by operation of § 4503.191, confirms the vehicle is properly registered. Section 4503.21(B) makes it a minor misdemeanor not to display a validation sticker as § 4503.21(A) requires. In this manner, the statute plainly states that a vehicle with an "expired registration" violates § 4503.21.

Lastly, during trial the Court took under advisement a motion to continue and/or dismiss. For the above reasons, Defendant's oral motions lack merit and are denied.

## VERDICT

The Court finds Defendant GUILTY of violating Ohio Rev. Code § 4503.21 and imposes a fine of $25.00 plus a $5.00 special assessment. The Clerk shall enter the finding of guilty and Judgment against Defendant.

**IT IS SO ORDERED**.

June 22, 2017                                  *s/Sharon L. Ovington*
                                                                   Sharon L. Ovington
                                                                   United States Magistrate Judge